VETERANS OF FOREIGN WARS, ISAAC JONES POST NO. 8420, ex rel. Mack HURT, Commander, et al., Appellants,

v.

Ellen SCOTT, Appellee.

Court of Appeals of Kentucky.

April 29, 1955.

Elmer Drake, Lexington, for appellants.

Delmer D. Howard, Lexington, for appellee.

WADDILL, Commissioner.

Appellants, Veterans of Foreign Wars, Isaac Jones Post of Lexington, applied to the Fayette County Court under KRS 231.040 for a roadhouse permit to operate a club outside the incorporated limits of the city of Lexington. A hearing was held, and the application was denied. On appeal to the Fayette Circuit Court, the judgment of the county court was affirmed.

Although the Fayette Circuit Court denied appellants a permit, they continued to operate their club. Appellee, who resides in the vicinity of the appellants' club, instituted this action against appellants asking for a declaration of rights and for an injunction to enjoin appellants from operating their place without procuring a permit.

The circuit court entered a judgment holding that the appellants were required to have a roadhouse permit to operate their club and it permanently enjoined the appellants from operating without such permit.

KRS 231.020 provides as follows:

"No place of entertainment shall be operated outside the corporate limits of a city unless its owner or manager has a permit, issued to him by the county court in the county in which the place of entertainment is located, granting to him the privilege to operate the place of entertainment in that county."

KRS 231.010 states:

"As used in this chapter, 'place of entertainment' means a roadhouse, place offering intoxicating or nonintoxicating drinks for sale, tourist camp or place of public entertainment at which people assemble to eat, drink, dance, bathe or engage in any game or amusement. It shall not mean a private home at which bona fide guests are entertained, places of business conducted only as filling stations for motor vehicles or grocery stores, nor transient and temporary entertainments such as circuses, carnivals and county fairs."

It is agreed by the parties that appellants are offering for sale intoxicating and nonintoxicating drinks to the members of their club and that the members assemble at the club to eat, drink, dance and engage in entertainment. Appellants contend that they are not required to procure a permit as provided by KRS 231.020 because they operate a private club for members only, and thus cannot be classified as a "place of entertainment" as defined by KRS 231.010.

We agree with the appellee that if the Legislature had intended to exempt private clubs such as appellants' from the operation of the statute, such an exemption would have been provided for in the definition of the term "place of entertainment." The only exemption given in KRS 231.010 is to "private home at which bona fide guests are entertained, places of business conducted only as filling stations for motor vehicles or grocery stores, nor transient and tem-

porary entertainments such as circuses, carnivals and county fairs."

 We construe the phrase "place of entertainment" as it is used and defined by the statute to include a private club such as the one in question. Therefore, appellants may not operate their club as a place of entertainment without procuring the required permit from the Fayette County Court.

 We think it was the intention of the Legislature in enacting KRS, Chapter 231 to allow the county judge, through the exercise of a reasonable discretion, to determine whether or not a place of entertainment should be granted a permit under the provisions of KRS 231.020.

Judgment affirmed.